## GORMAN v. MADDEN et al.

Where the appellant dismissed his first appeal because it was filed before judgment was enrolled and immediately perfects another, he has not abandoned his intention to secure a review of the case; abandonment being a question of intent.

Appellant served his first notice of appeal before the judgment was enrolled, and as this made the appeal of doubtful validity he served another notice after enrollment. Code Civ. Proc. § 461, declares that when a party shall in good faith give notice of appeal and shall, by mistake or accident, omit some act necessary to give it validity, that the judge of the court from which the appeal is taken, or the Supreme Court or any member thereof, may permit the correction of the defect upon just terms. **Held**, that as the first appeal should be allowed to be withdrawn, the second should not be dismissed because of the service of the first notice.

On appeal the undertaking failed to give the residence of the sureties, but subsequently service of notice giving their residence was made. **Held**, that under the direct provisions of Code Civ. Proc. § 461, the court had the authority to allow the undertaking to be amended so as to give it validity, and that the notice cured the defect.

(Opinion filed November 26, 1910.)

Appeal from Circuit Court, Hamlin County. Hon. GEORGE H. MARQUIS, Judge.

Action by J. K. Gorman against P. H. Maddden and another. From the judgment, defendants appeal. On motion to dismiss appeal. Denied.

*E. W. McLaughlin* and *Hanten & Hanten,* for appellants. *M. J. Russell* and *Gaffy, Stephens & Fuller,* for respondent.

HANEY, J. On October 13, 1910, this court issued an order requiring the appellants to show cause why an appeal taken in this action September 26th should not be dismissed (1) because a former appeal, taken September 17th, had "not been dismissed by this court or otherwise"; (2) because the former appeal had been abandoned and appellants' right to appeal exhausted; (3) because the undertaking served with the second notice of appeal did not disclose the residence of the sureties. Subsequently this court issued another order requiring respondent to show cause why the notice of appeal, served September 17th, should not be stricken from the files and why the deposition of the deputy clerk of courts should not be filed and read upon the hearing of both orders, both being returnable at the same time. On the return day of these orders respondent read certain affidavits to support the contention that the first appeal should be dismissed because appellants' abstract and brief had not been served within the time prescribed by the rules of this court, and that the second appeal should be dismissed for the reasons assigned in his application for the first-mentioned order to show cause. Appellants read certain affidavits and the deposition of the deputy clerk of courts to support the contention that the first notice of appeal should be stricken from the files because it was served before the judgment was perfected in the circuit court by the filing of the judgment roll, and requested that they be allowed to do whatever might be necessary to render the second appeal effectual. Neither party sought to maintain the first appeal; appellants claiming it was ineffectual for any purpose because prematurely taken; respondent claiming that it was still pending, that it had been abandoned, and that it ought to be dismissed because of failure to prosecute with due diligence.

The only questions properly before the court were whether appellants should be permitted to perform any omitted act necessary to perfect the second appeal and whether such appeal should be dismissed for any reason assigned by the respondent. After considering the evidence and argument of counsel appellants were allowed to withdraw the first appeal without prejudice to their right to prosecute the second, and respondent's motion to dismiss was denied.

In the view taken by the court it was unnecessary to determine whether or not the first notice of appeal was served before the judgment was perfected, within the meaning of the statute prescribing the time for taking appeals. Rev. Code Civ. Proc. § 442. Serious doubts existing as to that question, counsel for appellants evidently sought to avoid the possibility of a dismissal by withdrawing the appeal, perfecting the record, and subsequently serving a second notice of appeal. It may be conceded they first should have obtained leave of this court, which certainly would have been granted. Had they done so, the second appeal would have been regular. So the question arose whether this departure from strictly correct procedure required a dismissal of the second appeal. It should be observed that respondent was contending that the former appeal had not been dismsised by this court—that it was still pending; that it should be dismissed for failure to prosecute with due diligence. Why was it still pending? Because, as claimed by respondent, it had not been dismissed by this court or, what is substantially the same thing, it had not been withdrawn by leave of court. It is true respondent also was contending that it had been abandoned, but such contention, strictly speaking, was inconsistent with the theory that it was still pending and this court was at liberty to adopt either position. Assuming, however, that it was permissible for respondent to rely on both, the theory of abandonment was untenable. Abandonment always involves intent. There was no doubt as to appellants' intent with respect to securing a review of the decision of the trial court. The statute declares: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident to do any other act

necessary to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the Supreme Court, or any one of the justices thereof, may permit an amendment, or the proper act to be done, including the giving of a new undertaking, on such terms as may be just." Rev. Code Civ. Proc. § 461. There was no doubt that the second notice was given in good faith, no doubt as to the power of this court to allow the appellants to do what they should have done before giving such notice, and no doubt of the propriety of allowing it to be done in this case. Having reached the conclusion that appellants should be allowed to withdraw the former appeal without prejudice, in effect the same as striking the first notice of appeal from the files, it followed that the second appeal should not be dismissed because of the service of the former notice.

The contention that the second appeal should be dismissed because the undertaking was defective was not tenable for the reason that the alleged defect had been cured by the service of a notice giving the residence of the sureties and for the further reason that the statute expressly authorized the court to allow even the service of a new undertaking, if one was necessary to make the appeal effectual. For these reasons appellants were allowed to perfect the second appeal and respondent's motion to dismiss was denied.